IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN TEDESCHI and GERALDINE TEDESCHI, <br><br> Plaintiffs, <br><br> v. <br><br> D.N. DESIMONE CONSTRUCTION, INC., DENNIS DESIMONE, ALBERT DESIMONE, and ANTHONY DESIMONE, <br><br> Defendants. | CIVIL NO. 15-8484 (NLH/JS) <br><br> **MEMORANDUM OPINION & ORDER** |

**APPEARANCES:**

DAVID T. SHULICK
1500 JFK BLVD.
SUITE 1030
PHILADELPHIA, PA 19102
    On behalf of plaintiffs

FRANK D. DERIENZO
LEARY BRIDE TINKER & MORAN
7 RIDGEDALE AVENUE
CEDAR KNOLLS, NJ 07927

THOMAS H. WARD
JOHN H. SHINDLE
WARD LAW FIRM
196 GROVE AVENUE
SUITE A
WEST DEPTFORD, NJ 08086
    On behalf of defendants

**HILLMAN, District Judge**

   WHEREAS, plaintiffs, John and Geraldine Tedeschi, filed a complaint against defendants, D.N. DeSimone Construction, Inc.,

Dennis DeSimone, Albert DeSimone, and Anthony DeSimone, relating to the reconstruction of a home in Longport, New Jersey damaged during Hurricane Sandy in October 2012; and

WHEREAS, plaintiffs' complaint alleges that they withheld payment to defendants because of, *inter alia*, poor craftsmanship and false representations, and as a result, defendants (1) filed a lien against plaintiffs in the amount of $144,733.36, and (2) instituted an arbitration proceeding against plaintiff; and

WHEREAS, one of plaintiffs' claims in their complaint requests that the Court vacate the arbitration proceeding because the parties' contract did not contain a valid arbitration provision; and

WHEREAS, the following motions are pending:

- Plaintiffs' motion to vacate arbitration [Docket No. 7]
- Defendants' motion to dismiss plaintiffs' complaint in favor of arbitration [Docket No. 34]
- Plaintiffs' "motion for sanctions per Rule 11" [Docket No. 37]; and

WHEREAS, plaintiffs' motion to vacate arbitration is moot because the parties have stipulated that plaintiffs' motion to vacate arbitration will serve as their opposition to defendants' motion to dismiss [Docket No. 27]; and

WHEREAS, plaintiffs' motion for sanctions is procedurally improper because it was filed as a cross-motion contained in their

2

supplemental opposition to defendants' motion to dismiss, rather than as a separate stand-alone motion, see Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."); and

WHEREAS, defendants' motion to dismiss plaintiffs' complaint in favor of arbitration must be denied because (1) it is unclear from the face of plaintiffs' complaint that they contractually agreed to have their claims against defendants resolved through arbitration, and (2) in response to defendants' motion, plaintiffs have provided additional facts sufficient to demonstrate that the agreement to arbitrate is in dispute, see Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 771, 776 (3d Cir. 2013):

> Because "[a]rbitration is a matter of contract between the parties," a judicial mandate to arbitrate must be predicated upon the parties' consent. Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd., 636 F.2d 51, 54 (3d Cir. 1980). The Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, et seq., enables the enforcement of a contract to arbitrate, but requires that a court shall be "satisfied that the making of the agreement for arbitration ... is not in issue" before it orders arbitration. Id. § 4.  "In the event that the making of the arbitration agreement is in issue, then 'the court shall proceed summarily to the trial' of that issue."

> <u>Par-Knit Mills</u>, 636 F.2d at 54 (quoting 9 U.S.C. § 4). "[T]he party who is contesting the making of the agreement has the right to have the issue presented to a jury." <u>Id.</u>
>
> . . .
>
> [W]hen it is apparent, based on "the face of a complaint, and documents relied upon in the complaint," that certain of a party's claims "are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard. In the event that summary judgment is not warranted because "the party opposing arbitration can demonstrate, by means of citations to the record," that there is "a genuine dispute as to the enforceability of the arbitration clause," the "court may then proceed summarily to a trial regarding 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same,' as Section 4 of the FAA envisions."

<u>Guidotti</u>, 716 F.3d at 771, 776 (some internal citations omitted);

and

WHEREAS, the Court accordingly directs that, under the guidance of the Magistrate Judge, the parties shall undertake expedited discovery limited to the issue of the arbitrability of plaintiffs' claims against defendants;

THEREFORE,

IT IS on this ___4th___ day of ___August___, 2016

4

ORDERED that plaintiffs' motion to vacate arbitration [Docket No. 7] be, and the same hereby is, DENIED AS MOOT; and it is further

ORDERED that defendants' motion to dismiss plaintiffs' complaint in favor of arbitration [Docket No. 34] be, and the same hereby is, DENIED; and it is further

ORDERED that, under the guidance of the Magistrate Judge, the parties undertake expedited discovery limited to the issue of the arbitrability of plaintiffs' claims against defendants; and it is further

ORDERED that after the limited discovery described about, either party, or both, may move for summary judgment pursuant to Fed.R.Civ.P. 56 and L.Civ.R. 56.1 on the issue of the arbitrability of plaintiffs' claims against defendants; and it is further

ORDERED that plaintiffs' "motion for sanctions per Rule 11" [Docket No. 37] be, and the same hereby is, DENIED WITHOUT PREJUDICE.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.